IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1082

 Filed: 4 February 2020

Mecklenburg County, No. 17 CRS 030256

STATE OF NORTH CAROLINA

 v.

MYLEICK SHAWN PATTERSON, Defendant.

 Appeal by Defendant from judgment entered 10 May 2018 by Judge Karen

Eady-Williams in Mecklenburg County Superior Court. Heard in the Court of

Appeals 5 June 2019.

 Attorney General Joshua H. Stein, by Special Deputy Attorney General Creecy
 C. Johnson, for the State.

 Gilda C. Rodriguez for defendant-appellant.

 MURPHY, Judge.

 Defendant argues the trial court committed plain error by admitting certain

photos into evidence during trial, but he does not state any reason or argument for

why the alleged error would seriously affect the fairness, integrity, or public

reputation of judicial proceedings. Without this, we lack the information necessary

to give a meaningful review of Defendant’s plain error issue. We take that argument

as abandoned.
 STATE V. PATTERSON

 Opinion of the Court

 Defendant also argues, and the State concedes, the trial court erred by

sentencing him in the aggravated range. There was insufficient evidence presented

to the trial court to support the finding of an aggravating factor.

 Next, Defendant argues, and the State concedes, the trial court erred when

assessing attorney fees. Nothing in the Record indicates that Defendant was afforded

any opportunity to be heard on the issue of attorney fees. We vacate Defendant’s

sentence and the civil judgment for attorney fees and remand to the trial court for

further proceedings on both matters.

 Finally, we dismiss without prejudice Defendant’s claim of ineffective

assistance of counsel because the cold record reveals that further investigation is

required before we may pass on that issue.

 BACKGROUND

 This appeal arises out of two judgments: a criminal judgment finding

Defendant, Myleick Patterson, guilty of financial card theft; and a civil judgment

ordering him to pay court-appointed attorney fees. The jury convicted Defendant of

one count of financial card theft. The trial court sentenced him to 8 to 19 months

imprisonment, which was suspended, and placed him on 24 months supervised

probation. Defendant stipulated to being a Prior Record Level II, and the trial court

imposed a sentence in the aggravated range for a Class I Felony with a Prior Record

Level II. This was based on aggravating factor 12a per N.C.G.S. § 15A-

 -2-
 STATE V. PATTERSON

 Opinion of the Court

1340.16(d)(12a) (2019). The trial court also did not discuss with Defendant the

assessment of attorney fees. Outside of Defendant’s presence, the trial court later

entered a civil judgment of $2,250.00 against him for attorney fees.

 Defendant appeals under N.C.G.S. §§ 7A-27(b) and 15A-1444(a) from a final

judgment of the Superior Court. A Petition for Writ of Certiorari was also filed asking

us to allow review of his conviction in the event we deem his oral notice of appeal

insufficient. Defendant also appeals from the civil judgment entered against him,

but he did not file a notice of appeal that satisfies the requirements of N.C. R. App.

P. 3(a). Accordingly, Defendant has filed a Petition for Writ of Certiorari concurrently

with his brief, seeking review under N.C. R. App. P. 21.

 ANALYSIS

 A. Jurisdiction

1. Motion to Dismiss

 A threshold issue is whether we should allow the State’s Motion to Dismiss

Defendant’s Appeal from Civil Judgment. We have previously determined that

judgments entered against a defendant for attorney fees and appointment fees

constitute civil judgments, which require a defendant to comply with Rule 3(a) of the

North Carolina Rules of Appellate Procedure when appealing from those judgments.

State v. Smith, 188 N.C. App. 842, 845, 656 S.E.2d 695, 697 (2008) (citing State v.

 -3-
 STATE V. PATTERSON

 Opinion of the Court

Jacobs, 361 N.C. 565, 566, 648 S.E.2d 841, 842 (2007) (per curiam)). Rule 3(a)

provides that any party

 entitled by law to appeal from a judgment or order of a
 superior or district court rendered in a civil action or
 special proceeding may take appeal by filing notice of
 appeal with the clerk of superior court and serving copies
 thereof upon all other parties within the time prescribed by
 subsection (c) of this rule.

N.C. R. App. P. 3(a) (2019). Under Rule 3(c), a party must file and serve notice of

appeal within thirty days after entry of judgment. N.C. R. App. P. 3(c) (2019).

“Failure to give timely notice of appeal in compliance with . . . and [this rule] of the

North Carolina Rules of Appellate Procedure is jurisdictional, and an untimely

attempt to appeal must be dismissed.” Booth v. Utica Mut. Ins. Co., 308 N.C. 187,

189, 301 S.E.2d 98, 99-100 (1983).

 Here, the criminal judgment against Defendant was entered on 10 May 2018,

while the civil judgment granting attorney fees was entered on 28 June 2018.

Defendant gave oral notice of appeal from the criminal judgment in open court on 10

May 2018. The Record, however, does not indicate that Defendant gave written notice

of appeal from the 28 June 2018 civil judgment in accordance with the requirements

of Rule 3(a).

 Defendant concedes in his Petition for Writ of Certiorari, “[t]he time for filing

a valid notice of appeal has now expired and [Defendant] may lose his appeal of right.”

We allow the State’s Motion to Dismiss Defendant’s Appeal from Civil Judgment

 -4-
 STATE V. PATTERSON

 Opinion of the Court

imposing attorney fees. As the State’s motion to dismiss is allowed, we turn to

whether we should allow Defendant’s Petition for Writ of Certiorari.

2. Petition

 “The writ of certiorari may be issued in appropriate circumstances by either

appellate court to permit review of the judgments and orders of trial tribunals when

the right to prosecute an appeal has been lost by failure to take timely action.” N.C.

R. App. P. 21(a)(1) (2019). We have discretion to allow certiorari to review all

judgments. State v. McCoy, 171 N.C. App. 636, 638, 615 S.E.2d 319, 320 (2005)

(“While this Court cannot hear defendant’s direct appeal [for failure to comply with

Rule 4], it does have the discretion to consider the matter by granting a petition for

writ of certiorari[.]”). As discussed above, Defendant failed to comply with the

requirements for appealing the civil judgment. He also failed to meet the Rule 4

requirements for appealing a criminal judgment because, as he admits, “the oral

notice of appeal may have been insufficient and a written notice of appeal was not

filed pursuant to Rules 4(b) and 4(c) of the North Carolina Rules of Appellate

Procedure[.]” Defendant may also be denied his right to appeal the 10 May 2018

criminal judgment for not meeting these requirements, but Defendant contends it

would be in the interest of justice for us to allow his appeals of the criminal and civil

judgments entered against him.

 -5-
 STATE V. PATTERSON

 Opinion of the Court

 In the exercise of our discretion, we allow the Petition for Writ of Certiorari

here as it relates to Defendant’s criminal conviction and sentencing. Whether we

should allow the Petition for Writ of Certiorari as it relates to the civil judgment for

attorney fees is a separate question.

 We have stated that, under N.C.G.S. § 7A-455(b), “the trial court may enter a

civil judgment against a convicted indigent defendant for the amount of fees incurred

by the defendant’s court-appointed attorney.” State v. Jacobs, 172 N.C. App. 220,

235, 616 S.E.2d 306, 316 (2005). We have declared that a defendant is entitled to

notice and the opportunity to be heard regarding the amount of the fee award:

 [B]efore entering money judgments against indigent
 defendants for fees imposed by their court-appointed
 counsel under N.C.G.S. § 7A-455, trial courts should ask
 defendants—personally, not through counsel—whether
 they wish to be heard on the issue. Absent a colloquy
 directly with the defendant on this issue, the requirements
 of notice and opportunity to be heard will be satisfied only
 if there is other evidence in the record demonstrating that
 the defendant received notice, was aware of the
 opportunity to be heard on the issue, and chose not to be
 heard.

State v. Friend, 257 N.C. App. 516, 523, 809 S.E.2d 902, 907 (2018).

 After Defendant’s sentencing, the transcript reveals that Defendant’s counsel’s

total hours and corresponding fees were not yet available and that the trial court did

not engage Defendant in a colloquy to afford him the opportunity to be heard on his

court-appointed attorney fee. We allow the petition and issue the writ to review the

civil judgment.

 -6-
 STATE V. PATTERSON

 Opinion of the Court

 B. Plain Error

 The first substantive issue on appeal is whether the trial court committed plain

error when it admitted two photos into evidence under Rules 901 and 403. We “apply

the plain error standard of review to unpreserved instructional and evidentiary errors

in criminal cases.” State v. Maddux, 371 N.C. 558, 564, 819 S.E.2d 367, 371 (2018)

(reaffirming the plain error standard from State v. Lawrence, 365 N.C. 506, 518, 723

S.E.2d 326, 334 (2012)). One element of plain error is the alleged error “must

seriously affect the fairness, integrity or public reputation of judicial proceedings.”

State v. Thompson, 254 N.C. App. 220, 224, 801 S.E.2d 685, 693 (2017) (internal

marks and citations omitted); see State v. Juarez, 369 N.C. 351, 358, 794 S.E.2d 293,

300 (2016) (holding our “analysis was insufficient to conclude that the alleged error

rose to the level of plain error” when we “failed to analyze whether such error had the

type of prejudicial impact that seriously affected the fairness, integrity or public

reputation of the judicial proceeding”) (internal marks and citation omitted). “[P]lain

error is to be ‘applied cautiously and only in the exceptional case.’” Maddux, 371 N.C.

at 564, 819 S.E.2d at 371 (quoting Lawrence, 365 N.C. at 518, 723 S.E.2d at 334).

 Moreover, “[i]ssues not presented in a party’s brief, or in support of which no

reason or argument is stated, will be taken as abandoned.” N.C. R. App. P. 28(b)(6)

(2019); see State v. Steen, 352 N.C. 227, 264, 536 S.E.2d 1, 23 (2000) (concluding that

a defendant abandoned an assignment of error when the defendant made “no such

 -7-
 STATE V. PATTERSON

 Opinion of the Court

assessment or argument with cited authorities” and did “not present [the] assignment

of error in a way for this Court to give it meaningful review”). It is not our role “to

create an appeal for an appellant.” Viar v. N.C. Dep’t of Transp., 359 N.C. 400, 402,

610 S.E.2d 360, 361 (2005). “That burden rests solely with the appellant.” Krause v.

RK Motors, LLC, 252 N.C. App. 135, 140, 797 S.E.2d 335, 339 (2017). Defendant is

missing necessary reasons or arguments as to why the alleged error rises to plain

error. He offers nothing on why this is an exceptional case or why this will seriously

affect the fairness, integrity, or public reputation of judicial proceedings. Even if

there are no magic words required to invoke our plain error analysis, we do not see

the words “exceptional,” “fairness,” “integrity,” or “reputation” anywhere in

Defendant’s briefs. Without any information on this portion of plain error review, we

cannot impart any meaningful review for plain error. Thus, this issue is taken as

abandoned and is dismissed.

 C. Sentencing

 Defendant argues that he is entitled to a new sentencing hearing. He contends

the trial court erred in finding an aggravating factor beyond a reasonable doubt.

Sentencing errors are preserved for appellate review even if the defendant fails to

object at the sentencing hearing. State v. Jeffery, 167 N.C. App. 575, 579, 605 S.E.2d

672, 674 (2004). We review sentencing errors for “whether [the] sentence is supported

by evidence introduced at the trial and sentencing hearing.” State v. Deese, 127 N.C.

 -8-
 STATE V. PATTERSON

 Opinion of the Court

App. 536, 540, 491 S.E.2d 682, 685 (1997). Whether the sentence is supported by

sufficient evidence is a question of law, see State v. Williams, 92 N.C. App. 752, 753,

376 S.E.2d 21, 22 (1989), we review de novo. State v. Cox, 367 N.C. 147, 151, 749

S.E.2d 271, 275 (2013).

 The State has the burden of proof to establish the existence of an aggravating

factor beyond a reasonable doubt. N.C.G.S. § 15A-1340.16(a) (2019). If “the trial

judge errs in finding an aggravating factor and imposes a sentence in excess of the

presumptive term, the case must be remanded for a new sentencing hearing.” State

v. Wilson, 338 N.C. 244, 259, 449 S.E.2d 391, 400 (1994).

 Here, the State sought to use aggravating factor 12a at sentencing, requiring

it to prove that “[t]he defendant ha[d], during the 10-year period prior to the

commission of the offense for which the defendant [was] being sentenced, been found

by a court of this State to [have been] in willful violation of the conditions of probation

imposed pursuant to a suspended sentence[.]” N.C.G.S. § 15A-1340.16(d)(12a) (2015).

However, as the State admits, the prosecutor “did not present evidence at trial that

defendant violated conditions of probation at any time prior to the commission of the

current offense.” The State concedes, and we agree, there was insufficient evidence

presented at trial to support the finding of an aggravating factor. We thus vacate the

sentence imposed and remand to the trial court for resentencing.

 D. Attorney Fees

 -9-
 STATE V. PATTERSON

 Opinion of the Court

 Defendant argues the trial court erred in ordering the payment of

court-appointed attorney fees without affording him a direct opportunity to be heard

on the issue. Whether the trial court gave a defendant adequate “notice and an

opportunity to be heard regarding the total amount of hours and fees claimed by the

court-appointed attorney” is a question of law, Jacobs, 172 N.C. App. at 236, 616

S.E.2d at 317, we review de novo. Cox, 367 N.C. at 151, 749 S.E.2d at 275. To have

been given an “opportunity to be heard,” “trial courts should ask defendants—

personally, not through counsel—whether they wish to be heard on the issue.” See

Friend, 257 N.C. App. at 523, 809 S.E.2d at 907.

 Absent a colloquy directly with the defendant on this issue,
 the requirements of notice and opportunity to be heard will
 be satisfied only if there is other evidence in the record
 demonstrating that the defendant received notice, was
 aware of the opportunity to be heard on the issue, and
 chose not to be heard.

Id.

 The State admits that neither “the transcript nor the Record on Appeal in this

case indicate that [D]efendant was afforded any opportunity to be heard on this

issue.” It also “concedes that if the [Petition for Writ of Certiorari] is granted, the

civil judgment for attorney[] fees must be vacated and remanded to the trial court for

further proceedings.” We agree with the State’s concession where the trial court

never directly asked Defendant whether he wished to be heard on the issue and there

is no other evidence that the Friend structure was satisfied. At best, the trial court

 - 10 -
 STATE V. PATTERSON

 Opinion of the Court

asked Defendant’s lawyer to “guesstimate [the number of hours worked] so

[Defendant] will have an idea as to what the legal fees will be?” The trial judge then

said, “I don’t know if [Defendant] is aware, to the extent you can separate his out

from the others.” This question and statement to Defendant’s counsel is insufficient

evidence to demonstrate that Defendant received notice, was aware of the

opportunity to be heard on the attorney fees issue, or chose not to be heard. Thus, we

vacate the civil judgment for attorney fees and remand to the trial court for further

proceedings.

 E. Ineffective Assistance of Counsel

 Defendant last argues that, in the event we do not find plain error, we should

analyze whether his defense counsel at trial invited error by stating he “had no

objection for illustrative purposes” to the admission of certain pictures. Defendant

argues his constitutional right to receive effective assistance of counsel was violated

if defense counsel’s actions invited error.

 “To prevail on a claim of ineffective assistance of counsel, a defendant must

first show that his counsel’s performance was deficient and then that counsel’s

deficient performance prejudiced his defense.” State v. Allen, 360 N.C. 297, 316, 626

S.E.2d 271, 286 (2006) (citing Strickland v. Washington, 466 U.S. 668, 687, 80

L.Ed.2d 674 (1984)). However, “[i]t is well established that ineffective assistance of

counsel claims brought on direct review will be decided on the merits [only] when the

 - 11 -
 STATE V. PATTERSON

 Opinion of the Court

cold record reveals that no further investigation is required, i.e., claims that may be

developed and argued without such ancillary procedures as the appointment of

investigators or an evidentiary hearing.” State v. Burton, 251 N.C. App. 600, 604,

796 S.E.2d 65, 68 (2017) (quoting State v. Turner, 237 N.C. App. 388, 395, 765 S.E.

2d 77, 83 (2014)). “[S]hould [we] determine that IAC claims have been prematurely

asserted on direct appeal, [we] shall dismiss those claims without prejudice to the

defendant’s right to reassert them during a subsequent motion for appropriate relief

proceeding.” State v. Stimson, 246 N.C. App. 708, 713, 783 S.E.2d 749, 752 (2016)

(quoting State v. Fair, 354 N.C. 131, 167, 557 S.E.2d 500, 525 (2001) (alterations

omitted)).

 Here, defense counsel did object to the admission of two pictures “for

substantive purposes,” but he had “no objection for illustrative purposes.” Defendant

makes no argument about what the prevailing professional norms are in that

situation, nor does he argue that an objection to the admission of evidence for

substantive purposes is insufficient to uphold such norms. The cold record reveals

that further investigation is required. Hence, we decline to reach this issue and

dismiss without prejudice to Defendant’s ability to file a motion for appropriate relief

in the trial court.

 CONCLUSION

 - 12 -
 STATE V. PATTERSON

 Opinion of the Court

 We conclude Defendant has abandoned his plain error argument because

Defendant has not argued whether the alleged error would seriously affect the

fairness, integrity, or public reputation of judicial proceedings. We vacate the civil

judgment for attorney fees, vacate Defendant’s aggravated sentence, and remand to

the trial court for further proceedings on both matters. We also dismiss without

prejudice Defendant’s ineffective assistance of counsel claim.

 DISMISSED IN PART; VACATED AND REMANDED IN PART.

 Judges TYSON and YOUNG concur.

 - 13 -